Decided April 19, 1984

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

MARIANAS PUBLIC LAND TRUST, )       CIVIL ACTION NO. 84-119
                            )
            Plaintiff,      )
                            )
       vs.                  )               ORDER
                            )
MARIANAS PUBLIC LAND        )
CORPORATION,                )
                            )
            Defendant.      )
_____)

Trial of this matter was ceased due to an indication from counsel that a settlement of most issues was possible. A stipulation was entered into by the parties, and confirmed by the Court, that the next issue to be presented to the court was whether the defendant may expend revenue received by it from public lands for the implementation of the Homestead Compliance Act, Public Law 3-103 (The Act).

Pursuant to the stipulation and order, briefs were filed and the matter submitted on April 18, 1984.

After reviewing the briefs and the applicable law, primarily Article XI of the Constitution and Public Law 3-103, the court concludes that it is impermissable for the defendant, Marianas Public Land Corporation (MPLC), to expend any funds derived from public lands to implement or administer the Homestead Compensation Act.

As both counsel have pointed out, The Act essentially establishes a new and separate homestead program and one that is not specified in or within the intent and scope of Article XI of the Constitution. The reasoning the court used in denying the use of public land proceeds for land acquisition purposes by MPLC applies equally as well here. Succinctly stated, the legislature attempts to give MPLC a task in addition to its Constitutional duties. The trust funds derived from public lands can be used only for reasonable expenses of administration of MPLC's constitutionally mandated duties. The legislature cannot approve or designate the use of the trust funds for the legislatively added duties. As in the land acquisition matter, the legislature must appropriate funds to MPLC to implement or administer any programs not constitutionally mandated.

Thus it is held that "reasonable expenses of administration" does not include any expenditure to carry out the provisions

of Public Law 3-103 and MPLC is prohibited from using any of the funds derived from public lands for that purpose.

Counsel also request the court to rule that Public Law 3-103 is unconstitutional. The court declines to do so for several reasons.

First, this issue is not framed in any of the pleadings and arose only peripherally when the court was called upon to determine whether "reasonable expenses of administration" included implementing Public Law 3-103.

Second, this court follows the overwhelming rule of law that courts will not make a ruling on a matter of constitutional law where there is a lack of necessary involvement. Peters v Hobby, 349 U.S. 331, 75 S.Ct. 790 and cases cited at 16 AmJur 2d, Constitutional Law, §160 at pp 542-543.

Since the court has already ruled that MPLC cannot expend public land receipts for implementing the Homestead Compensation Act, there is no imperative requirement that the court decide the constitutional issue. Bush v Texas, 372 U.S. 586, 83 S.Ct. 922.

Further, with the ruling made by the court prohibiting expenditure of trust funds by MPLC, a ruling on the constitutionality of Public Law 3-103 is not essential to the protection

977

of the rights of the parties concerned. 16 AmJur 2d, Constitutional Law, §160 at p.544. Clearly such is the case here. The plaintiff has received the exact determination it has sought in safeguarding the trust funds. Likewise, the defendant need not have any further direction in the matter. To proceed further and decide the question of constitutionality is an unnecessary legal exercise.

■ Third, as the matter now stands, counsel are asking the court to anticipate a constitutional issue in advance of the necessity of deciding it. Clay v Sun Ins. Office Ltd., 363 U.S. 207, 80 S.Ct. 1222 and cases cited at 16 AmJur 2d, Constitutional Law, §163 at p.547. As indicated above, the only way MPLC can implement Public Law 3-103 is if the legislature appropriates funds for that purpose. Should the latter fail to do so, then it is clear the constitutional issue will not arise. Should the legislature appropriate funds and MPLC decides to test the constitutionality, it can do so by filing a suit or simply refusing to carry out acts which it deems unconstitutional. Should litigation result, the matter would then properly be before the court. Until then, the matter is premature, Bush v Texas, supra.

■ Lastly, the constitutional issue as presented by counsel to the court does not present a real case or controversy.

Both sides argue in favor of unconstitutionality.  A true
test of the merits of the issue is missing.  Only one side
of the matter is presented to the court.  The interests of
those who may wish to support the constitutionality of
Public Law 3-103 are not represented.  The court declines to
decide such a vital issue in a legal vacuum.

ACCORDINGLY;

IT IS ORDERED that the Marianas Public Land Corporation,
its officers, directors, attorneys, employees, and agents
are prohibited from expending any revenues derived from
public lands for the implementation or administration of any
part of Public Law 3-103, the Homestead Compensation Act.
Such expenditures are not within the Constitutional meaning
of reasonable expenses of administration as specified in
Article XI, Section 5(g).

IT IS FURTHER ORDERED that by the close of business
May 7, 1984, counsel shall submit either a dismissal of this
action indicating a resolution of all remaining matters, or
a stipulation for entry of judgment subject to approval of
the court, or a stipulation as to a further trial date to

complete the resolution of the remaining issues in this matter.

Dated at Saipan, CM, this __19th__ day of April, 1984.

_____
Robert A. Hefner, Chief Judge